**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

BIDI VAPOR, LLC,

        Plaintiff,                                 Civil Action No.: 1:21-cv-01430

v.                                         **JURY TRIAL DEMANDED**

VAPERZ LLC, OEM PARTNERS LLC and VAPERZ
ENTERPRISE LLC,

        Defendants.

## COMPLAINT

Plaintiff, Bidi Vapor, LLC ("BIDI" or "Plaintiff") a limited liability company organized and existing under the laws of the State of Florida, hereby files this Complaint against VAPERZ LLC, OEM PARTNERS LLC and VAPERZ ENTERPRISE LLC (collectively, "Defendants"), and for this Complaint hereby alleges as follows:

## NATURE OF THE ACTION

1.    This action involves claims for false advertising and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, as amended (15 U.S.C. §1125(a)); and a related state law claim for unfair trade practices under the state laws of Illinois, arising from false claims made by Defendants in connection with the sale of vape products called MNGO.

## JURISDICTION AND VENUE

2.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq. 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are

so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.     Venue is proper, *inter alia*, pursuant to 28 U.S.C. § 1391 because, upon information and belief, one or more Defendants reside in this judicial district and division, a substantial part of the events or omissions giving rise to the claims in this Action occurred in this judicial district, Defendants conduct, transact and/or solicit business in Illinois, and Defendants have caused injury to Plaintiff in in this judicial district.

4.     This Court has personal jurisdiction over each Defendant, in that each Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which each Defendant stands accused were undertaken in Illinois and in this Judicial District.

## THE PLAINTIFF

5.     BIDI is a leading developer and marketer of premium, eco-friendly, innovative electronic cigarette and vaping products.

6.     BIDI's most successful and innovative product is BIDI Stick, a pre-filled, revolutionary e-liquid tank equipped with a fully charged battery and Class A nicotine for adult smokers.  With a high-quality aluminum frame and eleven flavors to choose from, the Bidi Stick delivers consistent flavor and a satisfying vaping experience ("BIDI Products").

7.     The BIDI Products are one of the world's leading line of electronic cigarettes and BIDI has emerged as a leading player in the dispobable electronic cigarettes industry, having captured a 27.9% U.S. market share in the fourth quarter calendar of 2020.

8.     BIDI distributes and sells the BIDI Products through Kaival Brands Innovations Group, Inc. (hereinafter, "Kaival"), which is the exclusive distributor of all BIDI Products.

9.     The success of the BIDI Products is due in part to BIDI's marketing and promotional efforts.  These efforts include advertising and promotion through BIDI's websites, retailer websites, distributor's websites and other social media and internet-based advertising, print, among other efforts domestically and abroad, including Illinois.

10.     BIDI's success is also due to its use of the highest quality materials and processes in making the BIDI Products to meet or exceed U.S. requirements and standards.

11.     Additionally, BIDI owes a substantial amount of the success of the BIDI Products to its consumers and word-of-mouth buzz that its consumers have generated.

12.     BIDI's efforts, the quality of its BIDI Products, its marketing, promotion and distribution efforts, and the word-of-mouth buzz generated by its consumers have made the BIDI Marks and BIDI Products prominently placed in the minds of the public. Retailers, retail buyers, consumers and members of the public have become familiar with the BIDI Marks and BIDI Products, and have come to associate them exclusively with BIDI. BIDI has acquired a valuable reputation and goodwill among the public as a result of such associations.

13.     BIDI has gone to great lengths to protect its interests to the BIDI Products and the BIDI Marks.  No one other than BIDI is authorized to manufacture, import, export, advertise, offer for sale or sell any goods utilizing the BIDI Marks, or use the BIDI Marks without the express permission of BIDI.

**THE DEFENDANTS**

14.      Upon information and belief, Defendant VAPERZ LLC is an Illinois limited liability company having a principal place of business at 19818 S Harlem Ave., Frankfort, IL 60423 ("VAPERZ").

15.    Upon information and belief, Defendant OEM PARTNERS LLC is an Illinois limited liability company having a principal place of business at 21200 S. La Grange Rd #225, Frankfort, IL 60423 ("OEM PARTNERS").

16.    Upon information and belief, Defendant VAPERZ ENTERPRISE LLC is an Illinois limited liability company having a principal place of business at 11951 S Pulaski Rd, Alsip, IL 60803 ("VAPERZ ENTERPRISE").

## **THE DEFENDANTS' UNLAWFUL CONDUCT**

17.    BIDI recently discovered a number of competing business entities selling vaping products similar to the BIDI Stick that falsely claimed to contain six percent (6%) nicotine.

18.    One such competitive product is called the MNGO Stick, which, upon information and belief, is manufactured, marketed, sold and distributed by Defendants in the United States, including this District.  The packaging for the MNGO Stick and the mngostick.com website indicate that the MNGO Stick contains six percent (6%) nicotine.

  



19.     BIDI retained the services of Labstat International, Inc ("Labstat"), a globally recognized analytical laboratory dedicated to research, testing and analysis of nicotine containing products in general for regulatory reporting and labeling, to evaluate through analytical testing whether the MNGO Stick indeed contained e-liquid comprised of six percent (6%) nicotine.

20.     The specific MNGO Stick vaping products evaluated by Labstat are the following: (1) MNGO Blueberry Mango 6%; (2) MNGO Iced Banana 6%; and (3) MNGO Strawberry Mango 6%; all sold by Defendants.

21.     On or about February 11, 2021, BIDI received a copy of the Labstat test results which confirmed that the MNGO Stick contains significantly less than the advertised six percent (6%) nicotine ("Labstat Report").  A copy of the Labstat Report accompanies this Complaint as **Exhibit A**.

22.     As can be seen from the Labstat Report, all of the evaluated MNGO Stick vaping products purporting to contain six percent (6%) nicotine contain less than four percent (4%) nicotine. Specifically, the MNGO Stick vaping products, as shown in the Labstat chart below taken from the Labstat Report, demonstrated an average nicotine level between 3.06% to 3.43%.

| Matrix Code | Sample ID | Nicotine [mg/g] | | | |
|---|---|---|---|---|---|
| | | Average | St Dev | L. Limit (95%) | U. Limit (95%) |
| EL | 1806548 | 33.8 | 0.3 | 33.1 | 34.6 |
| EL | 1806549 | 33.4 | 0.3 | 32.5 | 34.2 |
| EL | 1806550 | 34.3 | 0.3 | 33.6 | 35.0 |
| EL | 1806552 | 32.7 | 0.5 | 31.3 | 34.0 |
| EL | 1806553 | 30.7 | 0.5 | 29.5 | 31.9 |
| EL | 1806554 | 30.6 | 1.7 | 26.3 | 34.9 |
| EL | 1806556 | 31.6 | 0.2 | 31.1 | 32.1 |
| EL | 1806557 | 31.4 | 0.1 | 31.1 | 31.7 |
| EL | 1806558 | 31.6 | 0.1 | 31.3 | 31.9 |

23.     MNGO Stick is a direct competitor to BIDI's BIDI Stick in many ways.  First, with regard to Defendants' MNGO Stick: (1) nicotine level (marketed as containing 6% nicotine; (2) amount of e-liquid (both 1.4ml) and the number and variety of flavors (both have 11 flavors).

24.     Prior to the release of the MNGO Stick in 2020, the BIDI Stick was the only disposable vape product on that market that offered a nicotine level of 6%, 1.4ml of e-liquid and 11 flavors.

25.     MNGO Stick is also a direct competitor to BIDI's BIDI Stick in the marketplace as the BIDI Stick and MNGO Stick are sold: (1) by many of the same on-line and brick and mortar retailers side by side, including  (as shown below) at Circle K convenience stores, with nearly 7,200 stores in North America; and (2) through many of the same wholesalers such as H.T. Hackney, which according to its own website (https://www.hthackney.com) is "one of the largest wholesale distributors in the United States".

CIRCLE K (Retail Convenience Store)



26.    The MNGO Stick is being sold to consumers for as low as $8.99 (as shown below), while the BIDI Stick is generally sold for $12.99 to $15.99.



27.    When sold side by side, consumers will select the MNGO Stick since it is falsely marketed as a near identical product to the BIDI Stick, as containing the same level of nicotine,

1.4ml of e-liquid and similar number and variety of flavors as the BIDI Stick but, most significantly, priced substantially less (in some instances, the MNGO Stick is sold to consumers at an approximate 43.7% discount to the BIDI Stick) than the BIDI Stick.



28.     Additionally, given the significant disparity in retail pricing, it is likely that the wholesale price for the MNGO Stick is also significantly less than the BIDI Stick which is sold for $6.75.

29.     Given the price disparity for an alleged similar six percent (6%) nicotine device, wholesalers and retailers are choosing to carry the MNGO Stick over the BIDI Stick.

30.     The MNGO Stick warnings regarding addictiveness of nicotine do not cover at least 30% of the principal display panel (as shown below), as required per 21 CFR §1143.3(a)(2)(i).



31.     The MNGO Stick package labels are misleading because they cause the products to imitate food products, particularly ones that are marketed toward, and/or appealing to, children (as shown below).  Therefore, the products are misbranded under section 903(a)(1) and/or 903(a)(7)(A) of the FD&C Act. The MNGO Stick package labels are misleading under section 903(a)(1) and are therefore misbranded because they contain false or misleading statements regarding nicotine content.



## CAUSES OF ACTION

### COUNT I
### FALSE ADVERTISING & UNFAIR COMPETITION
### [15 U.S.C. § 1125(a)/Lanham Act § 43(a)]

32.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

33.     By reason of the foregoing, Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34.     The Lanham Act provides that:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

35.     Defendants have made false and misleading representations of fact in advertising and labeling for its MNGO Stick as described directly above.

36.     Defendants have made these false and misleading claims in interstate commerce.

37.     Defendants' false and misleading claims are material because they concern an inherent characteristic or quality of MNGO Stick products. Such claims are likely to influence retailer, wholesaler and consumers' purchasing decisions.

38.     BIDI has been and is likely to continue to be injured as a result of Defendants' false advertising.

## COUNT II
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815    ILCS § 510, et seq.)

39.     Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

40.     Defendants have engaged in acts violating Illinois law including, but not limited to, representing that goods are of a particular standard, quality, or grade . . . if they are of another and engaging in other conduct which similarly creates a likelihood of misunderstanding.

41.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

42.     Pursuant to Section 3 of the Deceptive Trade Practices Act, a person likely to be damaged by deceptive trade practices may be granted equitable relief without proof of monetary damages. Moreover, a plaintiff shall be entitled to recover its attorneys' fees and costs where a defendant has willfully engaged in a deceptive trade practice.

43.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## COUNT III
## VIOLATION OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (815 ILCS § 505, et seq.)

44.      Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Complaint.

45.     Pursuant to Section 2 of the Consumer Fraud Act, "Unfair methods of competitionand unfair or deceptive acts or practices, including but not limited to the use or

employment of any deception fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

46.     The foregoing Defendants' acts constitute a willful violation of the Illinois Consumer Fraud and Uniform Deceptive Business Practices Act, 815 ILCS § 505, et seq.

47.     Plaintiff has been injured by Defendants' misrepresentation of fact by the loss of sales to consumers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily, and permanently enjoined and restrained from:

   a. Disseminating and distributing the MNGO Stick packaging and advertising related thereto with false claims as to the percentage of nicotine contained therein; and

   b. Disseminating and distributing the MNGO Stick packaging and advertising that violate FDA laws and statutes as indicated herein;

   c. An order directing Defendants to disseminate, in a form to be approved by the Court, advertising designed to correct the false claims made by Defendants;

2) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert

with them be required to recall MNGO Stick products that contain false claims and FDA violations from wholesalers and retailers:

3) An order directing Defendants to bring its product labels into compliance with all federal and state law requirements;

4) An order pursuant to 15 U.S.C. § 1116(a) directing Defendants to file with the Court and serve on Plaintiff, within 30 days after entry of the injunction, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

5) An award of Plaintiff's damages attributable to Defendants' false advertising, in an amount to be determined at trial;

6) A declaration that this is an "exceptional case" due to the willful nature of Defendants' false advertising, and awarding attorneys' fees and costs to Plaintiff pursuant to 15 U.S.C. § 1117;

7) An award of Plaintiff's pecuniary loss, together with attorneys' fees and costs, pursuant to Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq. and 815 ILCS § 505, et seq.

8) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

9) Award any and all other relief that this Court deems just and proper.

DATED:  March 15, 2021

Respectfully submitted,

By: /s/ Keith A. Vogt
Keith A. Vogt (Bar No. 6207971)
keith@vogtip.com
KEITH VOGT, LTD.
111 West Jackson Boulevard, Suite 1700
Chicago, Illinois 60604
Telephone: 312-675-6079

Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, New York 10165
Telephone: 212-292-5390

*Pro Hac Admission Pending*

***ATTORNEYS FOR PLAINTIFF***